UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT DEREK LURCH JR.,<br>Plaintiff,<br>-against-<br>JOHN DOE 1-10, ET AL.,<br>Defendants. | 26-CV-9785 (LTS)<br>ORDER DIRECTING PAYMENT OF FEE OR AMENDED IFP APPLICATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed without prepayment of fees, submit a signed application to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted an IFP application, but it is incomplete and does not provide a full accounting of Plaintiff's financial circumstances. Plaintiff states that he currently is not employed, but he does not answer the questions on the application asking for his last date of employment and gross monthly wages at that time. (ECF 2, at 1.) Plaintiff indicates that he has no source of income, but he does not answer the question on the application asking how he is paying his expenses. (*Id.* at 1-2.) He also states that he has no money in cash or a banking account, no property, no dependents, and no debt. (*Id.* at 2.) Plaintiff, who provides a residential address for himself in the Bronx, further states that he has no living expenses, including housing, transportation, or utilities costs. (*Id.*) He alleges no facts explaining how he is able to live in an apartment in the Bronx with no source of income or living expenses. Because Plaintiff's IFP application does not provide a full accounting of his financial circumstances, the Court is unable to determine whether he can pay the fees to bring this action.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 26-CV-9785 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: November 17, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge